UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID C. LETTIERI,<br>      Petitioner,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br>      Respondent. | **CIVIL ACTION**<br>**No. 24-12895-IT** |

ORDER
November 26, 2024

Petitioner David Carmine Lettieri, who is proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. With his petition, Lettieri filed a Memorandum of Law [Doc. No. 2] and a Motion for Leave to Proceed In Forma Pauperis [Doc. No. 3]. Lettieri, a prisoner at FMC Devens, is serving a sentence that was imposed in the Western District of New York. *See United States v. Lettieri*, Crim. No. 21-cr-20-LJV-MJR (W.D.N.Y.).

The petition names the Department of Justice as the sole respondent and seeks a "court order for the petitioner to have a copy of [Government Exhibit] 10C given to petitioner." [Doc. No. 1 at ¶ 15]. The petition raises the following three grounds for relief: (1) due process; (2) fair trial; and (3) ineffective counsel. As best can be understood from the sparse allegations in the petition, Lettieri alleges that his right to due process of law was violated during his criminal trial due to his trial counsel's failure to share certain discovery materials with Lettieri.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (which is applicable to 28 U.S.C. § 2241 cases pursuant to Rule 1(a)), "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" *See also* 28 U.S.C. § 2243 (if "it appears from the

application [for a writ of habeas corpus] that the applicant ... is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted"). Here, it plainly appears that Lettieri is not entitled to habeas relief.

Generally, petitions under 28 U.S.C. § 2241 are limited to challenges to the execution of the petitioner's sentence and cannot be used to challenge the validity of his sentence. *United States v. Barrett*, 178 F.3d 34, 43 (1st Cir. 1999); *Dinkins v. Boncher*, No. 21-cv-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022). In contrast, a person who is in custody under a federal sentence must generally rely upon 28 U.S.C. § 2255 to challenge his federal sentence collaterally. Section 2255 motions are subject to certain procedural restrictions and must be brought in "the court which imposed the sentence." 28 U.S.C. § 2255(a). Although Section 2255 includes a "savings clause" that preserves the availability of a habeas remedy "in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention,'" that clause "cover[s] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (quoting 28 U.S.C. § 2255(e)); *see also id.* at 478 ("After [the Antiterrorism and Effective Death Penalty Act of 1996], as before it, the savings clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence.").

A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Lettieri's direct appeal is now pending before the United States Court of Appeals for the Second Circuit. *See United States v. Lettieri*, No. 24-1594 (2d Cir.). There is no record of Lettieri filing a motion under 28 U.S.C. § 2255 with the sentencing court. *United States v. Lettieri*, Crim. No. 21-cr-20-LJV-MJR (W.D.N.Y.).

Here, Lettieri cannot demonstrate that his petition falls within the savings clause provision of § 2255. Lettieri has a direct appeal now pending with the Second Circuit Court of Appeals and he has not filed a § 2255 motion with the sentencing court. Consequently, this court lacks jurisdiction over his petition filed under § 2241.

Accordingly, in the absence of jurisdiction, the petition must be denied and the action dismissed.

SO ORDERED.

November 26, 2024                    /s/ Indira Talwani
                                     UNITED STATES DISTRICT JUDGE