UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID C. LETTIERI,<br>   Petitioner,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br>   Respondent. | )<br>)<br>)<br>) **CIVIL ACTION**<br>) **No. 24-12895-IT**<br>)<br>)<br>)<br>) |

ORDER DENYING MOTION FOR RECONSIDERATION [Doc. No. 10]
April 3, 2025

On November 18, 2024, petitioner David Carmine Lettieri, who is proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] seeking a "court order for the petitioner to have a copy of [Government Exhibit] 10C given to petitioner." [Doc. No. 1 at ¶ 15]. Lettieri, a prisoner at FMC Devens, is serving a sentence that was imposed in the Western District of New York. *See United States v. Lettieri*, Crim. No. 21-cr-20-LJV-MJR (W.D.N.Y.).

On November 26, 2024, the court found that Lettieri is not entitled to habeas relief and dismissed the petition. [Doc. No. 5]. Lettieri subsequently filed motions to reopen and for reconsideration. [Doc. Nos. 9, 10].

On March 19, 2025, the court construed Lettieri's motion to reopen as a motion to enlarge time to seek reconsideration, which was granted nunc pro tunc. [Doc. No. 12]. The court granted respondent's motion for extension of time to respond to the motion for reconsideration. [Doc. No. 13]. On March 28, 2025, the respondent filed its Opposition to Petitioner's Motion for Reconsideration [Doc. No. 15].

As explained in the court's order dismissing this case, petitions under 28 U.S.C. § 2241 are limited to challenges to the execution of the petitioner's sentence and cannot be used to challenge

the validity of his sentence. Additionally, the court found that Lettieri cannot demonstrate that his petition falls within the savings clause provision of 28 U.S.C. § 2255. The motion for reconsideration provides no basis to set aside these findings.

Lettieri states that his motion for reconsideration "is also giving notice of appeal to the first circuit court." [Doc. No. 10 at 2] His motion does not provide such notice, which requires the filing of a separate notice of appeal. "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a [timely] notice of appeal with the district clerk[.]" Fed. R. App. P. 3(a)(1). Under Rule 4(a)(4)(A), the time to file an appeal will run "from the entry of the order disposing of the last" of specified "remaining motion[s]." Such motions include a motion for reconsideration. Lettieri has 28 days from the date of this Order to file a notice of appeal.

Accordingly, the Motion for Reconsideration [Doc. No. 10] is DENIED. To the extent he seeks to appeal, Lettieri has 28 days from the date of this Order to file a notice of appeal,

SO ORDERED.

April 3, 2025                              /s/ Indira Talwani
                                           UNITED STATES DISTRICT JUDGE